UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL COOK,

               Plaintiff,            Case No. 1:16-cv-234

v.                                           Honorable Robert J. Jonker

RONALD SCHAFER et al.,

               Defendants.
_____/

**OPINION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Macomb Correctional Facility, but the events giving rise to his complaint occurred at the Richard A. Handlon Correctional Facility in Ionia County. In his *pro se* complaint, Plaintiff sues Ionia County Prosecutors Ronald J. Schafer and Kristen Stinedurf. According to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), Plaintiff pleaded nolo contendere in the Ionia County Circuit Court to assault of a prison employee. The trial court sentenced Petitioner on May 5, 2015, to imprisonment of 22 months to five years.[1]

Plaintiff makes the following allegations in his complaint:

> Prosecuting Attorneys Ronald J. Schafer and Kristen Stinedurf from Ionia County court house. Letting the case preceed [sic] even though Officer Vasquez did not have anything further to say - nor did he show up to court. The court [sic] were onable [sic] to contact him. There is no evidence on camera of me assaulting Officer Vasquez, no picture showing I spit on him and they did not take a blood test from me or officer Vasquez. Three of the co [sic] said nothing about the assault because there was no assault. They had no confession by me. Plus they did not have a DNA test done to see if it was spit.

(ECF No. 1, PageID.3.) For relief, Plaintiff asks this Court to dismiss the criminal case against him for lack of evidence. In addition, Plaintiff seeks monetary damages of $100,000 from each of the named Defendants.

**Discussion**

In his complaint, Plaintiff seeks to overturn his criminal conviction for assault of a prison employee. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.

---

[1] At the time he committed the offense at issue in this case, Plaintiff was serving sentences imposed by the Kalamazoo County Circuit Court in 2013, for several offenses, including first-degree home invasion (75 months to 20 years), receiving and concealing stolen property (1 to 5 years), arson of personal property (1 to 5 years) and stealing a financial transaction device (1 to 4 years). *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=838504.

*See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, Plaintiff may not seek monetary damages from Defendant Ionia County Prosecutors Schafer and Stinedurf because they are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions

that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). The conduct described by Plaintiff in the complaint concerned the judicial phase of the criminal proceedings and clearly falls within Defendants' role as advocates. Accordingly, they are immune from Plaintiff's claim for monetary damages.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     March 23, 2016              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE